AB:OO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | C O M P L A I N T |
| - against - | (T. 21, U.S.C., § 846; T. 18, U.S.C., § 2) |
| DEWANG CHEN and XINEN ZHENG, | 20-MJ-1030 |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

        JACKY J. HE, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

        On or about October 28, 2020, within the Eastern District of New York and elsewhere, the defendants DEWANG CHEN and XINEN ZHENG together with others, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, which offense involved a substance containing ketamine, a Schedule III controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E).

        (Title 21, United States Code, Section 846; Title 18, United States Code, Section 2)

        The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1]     Because the purpose of this Complaint is to set forth only those facts necessary

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been since 2016. Prior to that, I was an Officer with Immigration and Customs Enforcement, Division of Enforcement and Removal Operations for approximately nine years. During my tenure at HSI, I have been involved in the investigation of numerous cases involving narcotics distribution. Through my training, education and experience, I have become familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs and the efforts of persons involved in drug trafficking to avoid detection by law enforcement. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file and from reports of other law enforcement officers involved in the investigation.

2. On or about October 24, 2020, HSI targeted a commercial air-freight shipment with Airway Bill #932-58263984 (the "SUBJECT PACKAGE"), that originated from Brussels, Belgium and arrived into John F. Kennedy International Airport ("JFK"). The SUBJECT PACKAGE was manifested as an "industrial control cabinet," transported via Virgin Atlantic Cargo, and shipped from SHENZHENSHIXINGSHENGSHANGMAOYOUXIANGONGSI (English translation as "Shen Zhen City Xing Sheng Trading Limited Company") in Padova, Italy to "Weifang Hotel Supplies Management" at "1461 SW 12th Avenue in Pompano Beach, Florida 33069," phone number 615-578-7297.

---

to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3. Pursuant to a border search, HSI task force officers and Custom and Border Patrol ("CBP") officers examined the SUBJECT PACKAGE. Upon examination, the SUBJECT PACKAGE contained four boxes. Each box contained an industrial exhaust fan system (manifested as "Industrial Control Cabinet"). Within each of the four exhaust fan systems there were 21 individually vacuum-sealed silver plastic bags, each forming a brick-shaped object, totaling 84 bags altogether. Injected into the cavity of each exhaust fan systems was an insulation-foam material that made the silver plastic bags much harder to detect.

4. At least one of the silver plastic bags was later opened for examination and there was an off-white powdery substance stored within the bag. The off-white powdery substance field-tested positive for ketamine, a Schedule III controlled substance.

5. The total amount of ketamine concealed in the SUBJECT PACKAGE weighed approximately 88.54 kilograms. The estimated street value for this amount of ketamine is between $3.54 Million and $5.31 Million.[2]

6. Within the last two months there have been at least two similar type cargo shipments on Virgin Atlantic Cargo, the first on September 20, 2020 and the second on October 10, 2020. Similar to this most recent shipment on October 24, 2020, each of these deliveries were manifested as an "industrial control cabinet," transported via Virgin Atlantic Cargo, and shipped from "Shen Zhen City Xing Sheng Trading Limited Company" in Padova, Italy to "Weifang Hotel Supplies Management" at "1461 SW 12th Avenue in Pompano Beach, Florida 33069," phone number 615-578-7297. Additionally, each flight

---

[2] As of October 2020, ketamine retails in the New York City area for approximately $40 to $60 per gram.

originated in Brussels, Belgium and was set to be picked up by the domestic transporter, John's Express of New York, Inc.  According to the delivery orders, both the September 20, 2020 and October 10, 2020 shipments were picked up by the same delivery driver ("the Driver") and delivered to Zheng Fei, 700 Columbia Street, Brooklyn NY 11231, phone number 646-387-9647.

7.  CBP officers and HSI task force officers removed the ketamine from the SUBJECT PACKAGE and re-sealed the SUBJECT PACKAGE to prepare it for a controlled delivery.  Based on probable cause to believe that the Subject Package would be opened within the Eastern District of New York, the Honorable Peggy Kuo issued an anticipatory warrant on October 27, 2020, authorizing the United States to search an unknown location to which the Subject Package would be delivered and to seize evidence, fruits and instrumentalities of violations of Title 21, United States Code, Sections 841, 846, 952, 960, and 963.

8.  On October 28, 2020, The SUBJECT PACKAGE was picked up from Virgin Atlantic Cargo by a domestic transportation company, John's Express of New York, Inc.  An undercover agent posing as a delivery person (the "UA") accompanied the Driver, to deliver the SUBJECT PACKAGE to a bus repair facility located at 700 Columbia Street in Brooklyn, New York.  The UA and the Driver were met at the facility by the defendant DEWANG CHEN.

9.  The Driver moved a pallet containing the SUBJECT PACKAGE from the delivery truck onto the ground of the parking area inside the bus repair facility at 700 Columbia Street Brooklyn, New York.  While the transportation company truck driver moved the pallet, the UA engaged in conversation with an Asian male later identified as

DEWANG CHEN and obtained his signature for the SUBJECT PACKAGE. It appears that CHEN signed with the initials "ZH." CHEN then removed shrink wrap from the pallet containing the four boxes of the SUBJECT PACKAGE and loaded two boxes of the SUBJECT PACKAGE into a black Pathfinder vehicle ("the Pathfinder") and two boxes of the SUBJECT PACKAGE into a bus outside the facility. CHEN enlisted the UA to help load the SUBJECT PACKAGE into the bus and the Pathfinder. CHEN then drove away from the location in the Pathfinder.

10. Law enforcement performed a car stop of CHEN while he was driving the Pathfinder. During that stop, CHEN, stated in sum and substance, that he was supposed be paid $1,000 after the delivery to move two boxes of the SUBJECT PACKAGE. I then advised CHEN of his Miranda rights in Mandarin.[3] CHEN waived his rights and voluntarily spoke to law enforcement agents. When asked what he had been doing, CHEN repeated that was supposed be paid $1,000 after the delivery and was instructed to move at least two boxes of the SUBJECT PACKAGE to Flushing. CHEN further stated that he was waiting for the exact delivery location information from an unknown person on WeChat.[4] Upon further questioning, CHEN told law enforcement that he believed the SUBJECT PACKAGE contained "illegal items" but thought the illegal items were meat that is not supposed to be imported into the United States from China. The Driver identified CHEN as the same person he delivered the September 20, 2020 and October 10, 2020 packages.

---

[3] I am a certified Mandarin and Cantonese translator.

[4] Based on my training and experience, I know that WeChat is very popular and widely used by Chinese nationals, including those living abroad in the United States.

Case 1:20-mj-01030-PK   Document 1   Filed 10/29/20   Page 6 of 6 PageID #: 6

6

11. Law enforcement agents returned to the facility at 700 Columbia Street in Brooklyn and were met by an Asian male later identified as the defendant XINEN ZHENG. ZHENG consented to a search of a room above the bus repair facility. During a search of the small room, law enforcement agents found an off white powdery substance in a clear plastic bag and black corrugated sheets in a black two drawer cabinet. A cell phone and an identification card for XINEN ZHENG was also recovered on top of a white colored nightstand approximately 10 feet away from the black two drawer cabinet containing the off white powdery substance. The off-white powdery substance field-tested positive for ketamine, a Schedule III controlled substance. The total amount of ketamine recovered in the room weighed approximately 4.8 kilograms.

12. The defendant XINEN ZHENG told law enforcement officers that the room was his and that the cell phone and identification found in the room also belonged to him.

WHEREFORE, your deponent respectfully requests that the defendant DEWANG CHEN and XINEN ZHENG be dealt with according to law.

_____
JACKY J. HE
Special Agent, United States Department of Homeland Security, Homeland Security Investigations

Sworn to before me this
29th day of October, 2020  by telephone

_____
THE HONORABLE PEGGY KUO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK